UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUZANNE WOLF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-7084 |
| | ) | |
| v. | ) | Hon. Steven C. Seeger |
| | ) | |
| RIVERPORT INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Suzanne Wolf filed this insurance coverage case in state court, and Defendant Riverport Insurance Company removed it to federal court. Wolf, in turn, moved to remand the case back to state court. She believes that this case is a "direct action" within the meaning of the jurisdictional statute, and that the citizenship of the non-party insured defeats diversity. But this case isn't a direct action, so the motion to remand is hereby denied.

This case is about insurance coverage for a car accident, which left Wolf with serious injuries. At the time, she was driving for her employer, non-party YMCA of Metropolitan Chicago, LLC. The YMCA had a policy issued by Defendant Riverport Insurance Company.

Wolf filed suit in state court against Riverport, but did not sue the YMCA. Riverport responded by removing the case to federal court in 2020. Wolf recently moved to remand the case to state court for lack of subject matter jurisdiction. *See* Pl.'s Mtn. (Dckt. No. 75); *see also* 28 U.S.C. § 1447(c).

As Wolf sees it, the Court lacks jurisdiction because the insurance company has not established complete diversity between the parties, as required by 28 U.S.C. § 1332.

Specifically, Wolf draws attention to a special provision that applies to certain types of insurance cases. Wolf points out that under 28 U.S.C. § 1332(c)(1)(A), defendant insurers can assume three types of citizenship, including (under certain circumstances) the citizenship of their insureds.

Section 1332(c)(1)(A) covers the citizenship of an insurer in a so-called "direct action." The statute provides: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen.*" See 28 U.S.C. § 1332(c)(1)(A) (emphasis added).

So, in a direct action, the citizenship of the insurer matters, but the insurer *also* takes the citizenship of the insured. *See Nat'l Athletic Sportswear, Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 511 n.1 (7th Cir. 2008) ("The altered text can add a third type of citizenship to defendant insurers: citizenship in the state where the insured is a citizen."). If the insured isn't a party, the "insurer" is a citizen where it is "incorporated and . . . where it has its principal place of business," *and* is a citizen where "the insured is a citizen." *See* 28 U.S.C. § 1332(c)(1)(A). The insured casts a jurisdictional shadow in a direct action, and that shadow counts for purposes of diversity even though the insured isn't a party to the case.

When an injured party sues the insurer but not the insured, the citizenship of both the insurer and the insured come into play. In effect, the insurer stays in its own jurisdictional shoe, and also steps into the jurisdictional shoe of the insured. It's jurisdictional double duty.

2

Wolf asserts that this case is a "direct action" against Riverport, meaning that Riverport takes on the citizenship of its insured. And in this case, the insured is non-party YMCA of Metropolitan Chicago, LLC. The citizenship of the YMCA of Metropolitan Chicago, LLC is not yet pinned down (this Court issued a separate order on that topic, but the Court will put that issue to the side).

If the citizenship of the YMCA comes into play, then there might not be diversity jurisdiction. Wolf is a citizen of Illinois. So, if the citizenship of the YMCA counts, and if the YMCA is a citizen of Illinois, then there is no diversity. As Wolf sees it, because Riverport has not established that the YMCA is *not* a citizen of Illinois, the Court lacks diversity jurisdiction.

The question is whether this case is a "direct action" within the meaning of the statute. If so, then the claim against the insurance company is treated like a claim against both the insured (the YMCA) and the insurer (Riverport) for jurisdictional purposes. That is, if this case is a direct action, then the Court needs to figure out the citizenship of the YMCA, because the YMCA's citizenship would count for something.

The Seventh Circuit has explained that a "direct action" for purposes of section 1332(c)(1) means an action that the plaintiff *could* bring against the insured (here, the YMCA), but instead brings against the insurer directly (here, Riverport Insurance Company). *See Nat'l Athletic Sportswear*, 528 F.3d at 511 n.1 ("[T]he provision is a special rule for insurers in 'direct actions,' – that is, cases in which a person with a claim against the insured sues the insurer directly.") (quoting *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 317 (7th Cir. 1998)). On the other hand, "a case of the insured suing the insurer . . . is not a direct action." *Id.*

In other words, a direct action involves a situation when a plaintiff could have sued the insured, but instead sues only the insurer. By way of illustration, imagine if an insured hit a

3

pedestrian with a car. In that case, the pedestrian could sue the insured. But sometimes the pedestrian will sidestep the insured and sue only the insurer. That's a direct action.

In a direct action, a plaintiff skips over the insured and sues only the insurer. And when the plaintiff seeks to impose liability on the insurer that otherwise could be imposed on the insured itself, the (defendant) insurer takes on the citizenship of its (non-defendant) insured. In effect, the insured casts a jurisdictional shadow *in abstentia*. *Id.*; *see also Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1300–01 (11th Cir. 2014) ("[I]t is clear that the key feature of a direct action under § 1332(c) is, and has always been, the plaintiff's ability 'to skip suing the tortfeasor and sue directly his insurance carrier.'") (quoting *Bowers v. Cont'l Ins. Co.*, 753 F.2d 1574, 1578 (11th Cir. 1985)); *Rosa v. Allstate Ins. Co.*, 981 F.2d 669, 675 (2d Cir. 1992) ("'[U]nless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.'") (quoting *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901–02 (9th Cir. 1982)); *McGlinchey v. Hartford Acc. & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989) ("It has been said that a 'direct action,' as that term is used in § 1332(c), does not exist 'unless that cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured.'"); *White v. U.S. Fid. & Guar. Co.*, 356 F.2d 746, 747 (1st Cir. 1966) ("[T]he statute refers only to cases brought by an alleged victim of a tort under a 'direct action' statute against the liability insurer of the alleged tortfeasor.").

This case is not a "direct action" for purposes of section 1332(c)(1). Wolf brings a breach of contract claim against Riverport based on its alleged bad-faith handling of her insurance claim following a car accident that took place while she was at work. *See* Second Am. Cplt. (Dckt. No. 74).

4

Specifically, Wolf brings this case as a covered insured under a policy that Riverport issued to her employer, the YMCA. *Id.* at ¶ 3 ("Because Plaintiff SUZANNE WOLF was an employee of YMCA of Metropolitan Chicago and acting within the scope of her employment at the time of the accident, *she is a covered insured* under that policy.") (emphasis added). That is, Wolf sues her *own* insurer on a policy that provided coverage to her by virtue of her employment relationship with the YMCA. In effect, it's a case of insured vs. insurer.

Wolf could not bring that breach of contract claim against the YMCA. She can't sue the YMCA for the handling of the insurance claim, because the YMCA isn't the insurer. She can bring that claim only against her insurer.

As a result, this case is not a "direct action" within the meaning of section 1332(c)(1). *See Camy v. Triple-S Propiedad, Inc.*, 2015 WL 3856097, at *3 (N.D. Ill. 2015); *see also Elliott v. Am. States Ins. Co.*, 833 F.3d 384, 394 (4th Cir. 2018) ("We now join our sister circuits and hold that 'direct action' in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct."); *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 728–29 (9th Cir. 1993) ("[A] bad faith action against a plaintiff's own insurer is not a 'direct action' within the meaning of § 1332(c)(1)."); *see also Ljuljdjuraj v. State Farm Mut. Ins. Co.*, 774 F.3d 908, 911 (6th Cir. 2014) ("[W]hen an injured party sues her own insured motorist carrier, it is not a direct action.").

Accordingly, the Court finds no defect in its subject matter jurisdiction. This case is not a direct action, so the citizenship of non-party YMCA of Metropolitan Chicago, LLC is immaterial for purposes of diversity jurisdiction. Plaintiff's motion to remand is denied.

5

Date: June 28, 2023

Steven C. Seeger
United States District Judge